**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:  **SANDERSON PLUMBING PRODUCTS, INC.**  **CHAPTER 11**
  Debtor  **CASE NO. 13-14506-JDW**

## JOINT CHAPTER 11 PLAN OF REORGANIZATION

Sanderson Plumbing Products, Inc. (sometimes hereinafter referred to as "Debtor", "Debtor-in-Possession" or "Sanderson") and the Official Committee of Unsecured Creditors (the "Committee") jointly submit this Plan of Reorganization (the "Plan"). Unless otherwise defined, the defined terms contained in this Plan shall have the same meanings as described in the Disclosure Statement for Joint Chapter 11 Plan (the "Disclosure Statement"), which are incorporated herein by reference. All defined terms used in this Plan and not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All defined terms used but not defined in this Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Federal Rules of Bankruptcy Procedure.

### ARTICLE I

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The following is the designation of classes of Claims against and Interests in the Debtor:

Class 1:  **Administrative Expense Claims**

Class 2:  **Priority Claims**

| Class 3: | **Former Secured Claims of Biz Capital BIDCO II, LLC ("BizCapital")** |
|---|---|
| Class 4: | **General Unsecured Claims** |
| Class 5: | **Claims of Equity Interest** |

Classes 3, 4 and 5 above are impaired and entitled to vote to accept or reject the Plan.

## ARTICLE II
## TREATMENT OF CLAIMS

The Claims and Interests as classified in Article I shall be satisfied as follows:

**Class 1:**          **Administrative Expense Claims**

This class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code. The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court. The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for professional fees and expenses will be paid as provided for in future orders of the Bankruptcy Court, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

Administrative expense claims for non-professionals such as claims for goods and services provided to the Debtor from the Petition Date through the Effective Date (to the

extent that these claims have not been paid in the ordinary course by the Debtor) and claims

with administrative status under section 503(b)(9) of the Bankruptcy Code will be paid as

agreed by the holder of the administrative expense claim and the Proponents or the

Liquidation Trustee or as allowed by the Bankruptcy Court.   To the extent that the

Proponents (or the Liquidating Trustee) and the holder of an administrative expense claim do

not agree on the amount or treatment of such claim, the dispute will be submitted to the

Bankruptcy Court for resolution and to the extent that the administrative expense claim is

allowed by Final Order, it will be paid as soon as practicable thereafter.   By Order dated

_____, the Bankruptcy Court has set _____ 2014, as the deadline to file

administrative expense claims including claims under section 503(b)(9) of the Bankruptcy

Code (but excluding administrative expense claims of professionals which are dealt with

above).   To the extent that a holder of an administrative expense claim does not file its claim

by that date (with service upon the Proponents and the Liquidating Trustee), such claims will

be disallowed and forever barred. The Proponents and the Liquidating Trustee reserve the

right to object to any administrative expense claims.

Administrative Claims also include the resolved leasehold/secured claim of Industrial

Development Board of the City of Butler, Alabama ("Butler").   The Debtor entered into a

transaction with Butler, prior to the filing of the Petition, that either involved the Debtor's

lease, or the Debtor's ownership, of certain real property and improvements thereon

(buildings and related structures) located in Butler, Alabama wherein the Debtor conducted,

for a period of time, manufacturing operations.   While the documents evidencing the

transaction involving the Debtor and Butler are somewhat ambiguous as to the exact

relationship of the parties, the Debtor held, pre-petition, either a leasehold interest in the real

property facilities located in Butler, Alabama, or an ownership interest, depending upon how the documents that existed between the Debtor and Butler are construed.  However, that distinction or difference is of no consequence as a result of the assumption, by the Debtor, of the purported leasehold interest it held at Butler and the subsequent assignment thereof to SPP at the auction.  Ordinarily, the Debtor might remain liable in connection with the purported Butler leasehold arrangement, but the Debtor is informed, and on information and belief alleges, that Butler and SPP have agreed that upon removal of the Butler, Alabama equipment, SPP will then transfer its interests in the leasehold back to Butler.  Therefore, Butler's claims will be fully satisfied and paid so that it does not have breach of lease claims, deficiency claims, or other clams, with one exception:  Butler asserts that it is owed, under the lease, approximately $92,000.00.  The Debtor disputes this amount and believes that Butler is owed approximately $17,000.00 under the lease.  Those funds ($92,000.00) have been escrowed and are held by counsel for the Debtor.  The dispute between the Debtor and Butler will be litigated in due course.  To the extent that the litigation is not resolved by the Effective Date, the interests of the Debtor will be pursued by the Liquidation Trust.  Upon entry of a Final Order establishing the amount of the Butler claim, its claim will be paid immediately from the escrowed funds with the balance of these funds, if any, returned to the Debtor's estate or to the Liquidation Trust.  Once that payment occurs, all of Butler's claims arising out of the alleged and purported lease arrangement will be extinguished.

**Class 2:**       **Priority Claims**

Other than taxing authorities with respect to ad valorem claims against the Debtor's personal property, the Debtor is unaware of any priority tax claimants.

The Debtor believes that the ad valorem personal property tax claims of local taxing authorities are substantially overstated because the Debtor's personal property values (as established by the auction held in this case) is substantially lower than the valuation established by the taxing authorities. Thus, the taxes that are actually owed are not nearly as much as the tax claims that have been filed by the taxing authorities. The Debtor anticipates filing an objection to those claims in the near future and hopes to have such claims resolved by order of the Bankruptcy Court or by settlement prior to the Effective Date. To the extent personal property tax claims are not resolved before the Effective Date, the interests of the Debtor will be assumed and pursued by the Liquidating Trust. Under the agreement the Debtor reached with SPP Acquisition Joint Venture, LLC ("SPP") regarding the sale of the Debtor's personal property assets, any "savings" the Debtor may achieve with respect to certain of the ad valorem taxes for 2014 will be credited/paid as between the Debtor and SPP according to the terms of Exhibit "A" to the Disclosure Statement. Once the claims of the local taxing authorities have been finally established, they will be paid from existing funds subject to payment of all claims that are higher in priority than the claims of the local taxing authorities.

**Class 3:      Former Secured Claims of Biz Capital BIDCO II, LLC ("BizCapital")**

The pre-petition and post-petition claims of BizCapital have been fully paid and satisfied from the sales proceeds received from SPP and cash collateral upon which BizCapital had liens and security interest.

Thus, BizCapital's claims have been fully paid and satisfied so its claims are extinguished.

**Class 4:        General Unsecured Claims**

Holders of allowed Unsecured Claims will receive, from the Liquidating Trust, periodic Pro Rata distributions (in the discretion of the Liquidating Trustee as to timing and amounts of payments) after full payment of Classes 1 and 2 as and when funds for Unsecured Creditors become available until their Allowed Claims, plus interest at the rate of 6% per annum from the Petition Date, are paid in full.

**Class 5:        Claims of Equity Interests**

The holders of Interests of the Debtor will likely receive no distributions under the Plan and such Interests will be extinguished in that it is projected that there will be no funds remaining for payment of Interests, unless the claims and Causes of Action of the Debtor, when fully liquidated, yield enough to pay all secured, administrative, priority and Unsecured Claims (including interest) in full.    Although the actual stock will be extinguished, so that the management and operation of the Liquidating Trust will be assumed by the Liquidating Trustee, equity will retain its interest to the extent Debtor's claims and Causes of Action, when fully monetized, yield sufficient funds to not only fully pay all known, existing and/or Allowed Claims of creditors (including interest), but also to provide a return to the holders of Interests.  In other words, the equity interest in Sanderson will be extinguished so that the holder of the equity interest has no further rights of management or control of the affairs of the Debtor since all of the Debtor's assets will be transferred to the Liquidating Trust.  However, to the extent there are funds left from the monetization of the

Debtor's claims and Causes of Action, after all Unsecured Creditors are paid in full (including interest), the equity interest will remain and be paid the remaining monetized funds.

## ARTICLE III

## ALTERNATIVE TREATMENT FOR CERTAIN CLASSES OF CREDITORS

In the event any impaired class of creditors or holders of Interests shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponents reserve the right to request that the Bankruptcy Court confirm the Plan in accordance with the provisions of Section 1129(b) of the Bankruptcy Code. In that event, any class of holders of Claims or Interests which is impaired and does not accept the Plan in accordance with the provisions of Section 1126 of the Bankruptcy Code shall be treated in a fair and equitable fashion and shall not be subject to unfair discrimination under the Plan, so that the provisions of section 1129(b) of the Bankruptcy Code will be satisfied.

## ARTICLE IV

## MEANS FOR EXECUTION AND IMPLEMENTATION OF PLAN

A.     The Liquidating Trust

As specified more specifically in Article VII herein, the Plan will establish the Sanderson Plumbing Liquidating Trust for the purpose of receiving and liquidating the Debtor, its property and assets, and distributing funds to holders of Claims and Interests. On the Effective Date, all property and assets of the Debtor and the Debtor's estate shall constitute trust assets, specifically including all of the Debtor's Causes of Action retained

pursuant to § 1123(b)(3)(B) of the Bankruptcy Code, and shall, without further action on the part of any party be deemed: (a) to be merged with and into the pool of property and assets constituting the trust assets; and (b) to be transferred to and vested in the Liquidating Trust free and clear of all liens, encumbrances, Claims and Interests, except for those Claims and Interests specifically provided for under the Plan or the Confirmation Order.

### B.   The Trust Committee

The Plan also requires the establishment of a three (3) member Trust Committee; all three (3) members shall be selected by the Committee.  As set forth in more detail in Article VII herein, the Trust Committee shall provide oversight, advice, consultation and approval (as necessary) to the Liquidating Trustee and otherwise perform the duties specified in the Plan, including the removal or replacement of the Liquidating Trustee.

### C.   Dissolution of the Debtor

On the Effective Date, (a) all existing equity shall, without further act or action by any party, be cancelled, annulled and extinguished, and any certificates representing such cancelled, annulled and extinguished equity shall be null and void; except as set forth in Article IV; and (b) the Debtor shall be deemed dissolved.  As soon following the Effective Date as practicable, on behalf of the Debtor, the Liquidating Trustee shall (I) execute and file, or cause to be executed and filed, such articles or certificates of dissolution, and such other documents as are necessary to effect, complete or evidence its dissolution under the applicable laws of the State of Mississippi, and (ii) file any required, final federal, state and local tax returns, and take such other action as shall be necessary or appropriate to effect a final determination of any amounts of federal, state or local taxes owed by the Debtor.

**D.    Discharge of Officers and Directors**

On the Effective Date, any then-currently serving directors, officers, managers or other members of any governing body of the Debtor will be discharged and removed from any office, directorship, position as manager or member or other position held by any such person with the Debtor, and will be relieved of any further duties or obligations with respect to the Debtor, except as specifically provided in the Plan.

**E.    Effectuating Documents and Further Transactions**

The Liquidating Trustee will be authorized to execute, deliver, file and record such contracts, instruments, assignments, conveyances, bills of sale, releases, indentures, certificates and any other agreement or document and take such action reasonably necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, without the need for further action by the board of directors or other managing body of the Debtor.

**F.    Exempt from Transfer Taxes**

Pursuant to § 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under the Plan will  not be taxed under any law imposing a stamp tax or other similar tax.

**G.    Injunction**

Except as otherwise expressly provided in the Plan or the Confirmation Order, all entities who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in

any manner any action or proceeding of any kind with respect to any such Claim or Interest, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim or Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtor or against property or interests of the Debtor on account of such Claim or Interest, and (d) asserting any right of setoff, subrogation or recoupment of any kind against the Debtor on account of any such Claim or Interest. Such injunction shall extend to successors of the Debtor (including, without limitation, the Liquidating Trust) and their respective properties or interests in property.

### H.    Preservation of Causes of Action

Except as provided in the Plan, as of the Effective Date, pursuant to §1123(b)(3)(B) of the Bankruptcy Code, any and all Causes of Action accruing to the Debtor and the Debtor-in-Possession, including, without limitation, all avoidance actions described in Chapter 5 of the Bankruptcy Code, will become trust assets, and the Liquidating Trust, as the duly appointed representative of the Debtor's estate for the purpose of retention and enforcement of such Causes of Action, will have the authority to prosecute, compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Causes of Action without approval of the Bankruptcy Court, for the benefit of the Debtor's estate and the Liquidating Trust's beneficiaries. Notwithstanding the foregoing, all avoidance claims arising under sections 547 and 550 of the Bankruptcy Code on account of payments to non-insider creditors within 90 days of the Petition Date shall be deemed waived and released.

The Proponents have extensively described claims and causes of action they believe they hold against various potential defendants within the disclosure statement and, specifically, within Article II thereof.    Those descriptions are incorporated herein by reference.

However, in order to comply with what the proponents believe is applicable law, those claims and causes of action will be restated here.   The Proponents are of the opinion that the transfers to Mrs. Sanderson (as defined and described in the Disclosure Statement, and specifically in Article II.A. thereof), are avoidable under Section 548 of the Bankruptcy Code and/or applicable state law and should be set aside and returned to the estate. They also believe that Mrs. Sanderson should be required to respond in money damages.  As a result of the transfers, other claims may exist against Mrs. Sanderson for breach of fiduciary duty, diversion of corporate assets, usurpation of corporate opportunity and related claims.   A lawsuit to collect these claims will be commenced while the Disclosure Statement process is ongoing and will be assigned to the Liquidating Trust for the benefit of the Debtor's creditors (as described below).

In addition, the Debtor also holds claims against British Petroleum arising out of the Deepwater Horizon explosion that occurred in the Gulf of Mexico.  Those claims are being administered by T. E. Lott & Company ("Lott"), certified public accountants from Columbus, Mississippi.  An order has been entered (Exhibit "E" to the Disclosure Statement) approving the employment and compensation of Lott in connection with those claims.

The Debtor may also have claims against Kerr-McGee Chemical Corp ("Kerr-McGee") for the pollution of the Debtor's facilities by Kerr-McGee over the years as well as claims

against a special fund that has been established in a Chapter 11 bankruptcy case pending in

another court for the filing, liquidation and payment of those Kerr-McGee pollution claims.

The Debtor has not yet retained counsel nor fully explored its rights and claims against this

fund and/or against Kerr-McGee, or its successors in interest, but will do so during the

Disclosure Statement process.

The Debtor is still investigating whether any other Causes of Action exist, and to the

extent that these Causes of Action may exist in favor of the Debtor, the Debtor will pursue

same and these claims and Causes of Action will be pursued post-confirmation by the

Liquidating Trust, including those claims being pursued in pending adversary proceedings.

The Court will retain jurisdiction of pre- and post-confirmation Causes of Action which may

be pursued or commenced.

### I.    Releases

On the Effective Date, the Debtor, on its own behalf and as a representative of the

Debtor's estate, in consideration of services rendered in the Chapter 11 Case and other good

and valuable consideration, shall release the Debtor's CEO and Chairman, Tom Whitaker,

from any and all claims, obligations, suits, judgments, damages, rights, causes of action and

liabilities whatsoever (including, without limitation, those arising under the Bankruptcy

Code), whether known or unknown, foreseen or unforeseen, existing or thereafter arising in

law, equity or otherwise, based in whole or in part on any act, omission, transaction, event or

other occurrence taking place on or after the Petition Date up to and including the Effective

Date, in any way relating to the Debtor (on or after the Petition Date), the Chapter 11 Case or

the Plan.  However, these releases will not apply to (a) any act or omission that constitutes

fraud, willful misconduct or gross negligence, (b) any action to recover inappropriate or improper expense reimbursements or the value of the use of corporate assets for personal benefit, or (c) any act, omission, transaction, event or other occurrence taking place prior to the Petition Date.

On the Effective Date, the Debtor, on its own behalf and as a representative of the Debtor's estate, in consideration of services rendered in the Chapter 11 Case and other good and valuable consideration, shall release members of the Committee and all the professional advisors retained in this bankruptcy case who have performed services after the Petition Date, from any and all claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including, without limitation, those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or thereafter arising in law, equity or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or after the Petition Date up to and including the Effective Date, in any way relating to the post-petition services performed relating to the Debtor (on or after the Petition Date), the Chapter 11 Case or the Plan. However, these releases shall not constitute a waiver of rights of any party-in-interest to object to the fee applications of professional advisors and do not apply to claims of fraud or willful misconduct.

## ARTICLE V

## THE SANDERSON PLUMBING LIQUIDATING TRUST

A.    The Creation of the Trust; Funding of the Trust

1.    Creation of the Trust

On the Effective Date, and pursuant to the Plan and the Confirmation Order, a trust will be created under the laws of the State of Mississippi for the purposes of (a) liquidating the assets of the Debtor and satisfying claims against the Debtor and (b) if and to the extent required, to fund the winding down of the Chapter 11 case. For federal income tax purposes, it is intended that the Liquidating Trust will be treated as a Liquidating Trust, as defined in Treasury Regulation Section 301.7701-4(d), that comes into existence as of the Effective Date. The Liquidating Trust will not engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Committee and the Debtor have designated Ken Lefoldt to serve as the initial Liquidating Trustee, subject to the Bankruptcy Court's approval at the Confirmation Hearing. The Liquidating Trustee shall receive any and all assets coming into or becoming part of the Liquidating Trust and distribute them to the beneficiaries the amount of net proceeds or net income of the Liquidating Trust in excess of amounts reasonably necessary to maintain the value of the trust assets or to meet claims and contingent liabilities consistent with the terms of the Plan. The Plan shall serve as the trust instrument and no other trust instrument shall be prepared or entered into. For all purposes of the Internal Revenue Code: (I) the beneficiaries of the Liquidating Trust will be treated as the grantors of the Liquidating Trust and deemed owners of the trust assets and will be taxed on their allocable shares of the Liquidating Trust's income and gain in each taxable year, whether or not they receive any distributions in such year; and (ii) all parties hereto or bound hereby shall treat the transfers in trust as if all the transferred assets including, without limitation, all the trust assets, had been first transferred to the beneficiaries of the Liquidating Trust and then transferred to the Liquidating Trust as a grantor trust pursuant to Section 1.67-4(a) of

the Federal Income Tax Regulations.  For purposes of the Bankruptcy Code, however, the

foregoing shall not be deemed to modify or otherwise affect other provisions of the Plan for:

(I) the transfer to and vesting in the Liquidating Trust of all the trust assets including, without

limitation, all Causes of Action; and (ii) the retention and enforcement by the Liquidating

Trustee, as a representative of the Debtor's estate pursuant to § 1123(b)(3)(B), of all claims,

Causes of Action or any other of the trust assets.  The beneficiaries of the Liquidating Trust

shall be the holders of Allowed Claims in Classes 5 and 6.

### 2.    Funding of Res of Liquidating Trust

To fund the Liquidating Trust, by operation of the Confirmation Order, the

Liquidating Trustee, as the duly appointed representative of the Debtor's estate pursuant to §

1123(b)(3)(B), shall be in possession of and have title to the trust assets as of the Effective

Date, and all documents evidencing and relating to the ownership of such trust assets.  The

Liquidating Trust may not retain cash or cash equivalents in excess of a reasonable amount

to meet Claims and contingent liabilities or to maintain the value of the trust assets during

liquidation.  All cash and accounts receivable of the Debtor shall be deemed, as of the

Effective Date, to have been transferred to and vested in the Liquidating Trust.  The transfer

and vesting of all trust assets to the Liquidating Trust shall be accomplished pursuant to the

Plan and the Confirmation Order and shall be effective upon the Effective Date, without the

need of further documentation or instruments of conveyance, other than the Plan and the

Confirmation Order.  Upon the Effective Date, such trust assets transferred to and vested in

the Liquidating Trust shall be deemed to include among other things:  (a) Causes of Action

of the Debtors, including, but not limited to, all rights or causes of action in which a Debtor

may own an interest against third parties for obligations existing on the Effective Date,

unless expressly released herein, (b) all bank accounts containing cash in the possession of one or more of the Debtors, and (c) all other assets of the Debtor, without the need for any assignment, bill of sale, deed and/or release.  The Liquidating Trustee may present such orders as may be necessary to require third-parties to accept and acknowledge such transfer to and vesting in the Liquidating Trust.  Such orders may be presented without further notice other than as has been given in the Plan.

### 3.    Name of Liquidating Trust

The Liquidating Trust shall be known as the "Sanderson Plumbing Liquidating Trust."  The Liquidating Trust may operate under any other name the Liquidating Trustee deems advisable.

### B.    Means for Implementation of Liquidating Trust

On the Effective Date and pursuant to the Plan and the Confirmation Order, without the need of additional documentation, the trust assets, including but not limited to any and all Causes of Action, shall be deemed to have been transferred to and vested in the Liquidating Trust.  Through such vesting, any and all claims and interests belonging to the Debtor or to its estate with regard to such trust assets, including but not limited to all claims and Causes of Action, other than claims and Causes of Action waived and/or released under the Plan, shall, pursuant to (I) Bankruptcy Code Section 1123(b)(3)(B), (ii) the Plan and (iii) the Confirmation Order, be retained and enforced by the Liquidating Trustee as the duly appointed representative of the Debtor's estate.

Subject to approval of the Trust Committee, the Liquidating Trustee may prosecute, settle or dismiss any and all such claims and Causes of Action as the Liquidating Trustee

sees fit and all proceeds therefrom shall be the property of the Liquidating Trust, except as expressly released within the Plan. The Debtor, its boards of directors, officers, managers, partners, attorneys and other professional advisors shall have no liability for pursuing or not pursuing any such claims and Causes of Action vested in the Liquidating Trust pursuant to the Plan.

All trust assets shall be vested in the Liquidating Trust free and clear of all liens, Claims and encumbrances, except as otherwise provided in the Plan. Any party having a lien, Claim, or encumbrance against property included among the trust assets shall be conclusively deemed to have consented to the transfer of such property to the Liquidating Trust free and clear of such lien, Claim, or encumbrance by failing to object to confirmation of the Plan.

The Liquidating Trustee shall be appointed as the representative of the Debtor's estate for purposes of prosecuting and defending any and all rights, claims, or Causes of Action, including, but not limited to, actions arising pursuant to Chapter 5 of the Bankruptcy Code, whether known or unknown, asserted or unasserted, at law or equity, and whether arising pursuant to the Bankruptcy Code or other applicable law, except claims and Causes of Action waived and/or released under the Plan.

## C.      Insurance Policies and Insured Claims

The Liquidation Trust shall succeed to the interests of the Debtor with respect to claims against, and interests in, Insurance Policies, the assertion of Insured Claims and the assertion of claims against Insurers.

## D.      Corporate Authority

All actions and transactions contemplated under the Plan, including, but not limited to, the documents to be executed conveying the trust assets to the Liquidating Trust, shall be authorized upon Confirmation of the Plan without the need of further board, stockholder, partner, manager or member resolutions, approval, notice or meetings.  The Confirmation Order may include provisions dispensing with the need of further board, stockholder, partner, manager or member resolutions, approval, notice or meetings and authorizing and directing an appropriate representative of the Debtor to execute such documents necessary to effectuate the Plan, which documents shall be binding on the Debtor, the Debtor's creditors and all of the Debtor's Interest holders.  Upon the Effective Date, the Liquidating Trustee is vested with authority to take any action on behalf of the Debtor that would otherwise require the approval of the shareholders, partners, managers, members, board of directors, or officers of the Debtor.

### E.    Trust Authority to Prosecute Causes of Action

Pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code, the Liquidating Trustee shall have, for the benefit of and on behalf of all beneficiaries of the Liquidating Trust, the full power, authority (subject to approval of the Trust Committee) and standing to prosecute, compromise or otherwise resolve any Cause of Action, and any other cause of action that constitutes a trust asset, except claims and Causes of Action waived and/or released under the Plan, with all proceeds therefrom to become property of the Liquidating Trust and distributed in accordance with the Plan.  Subject to the approval of the Trust Committee, the Liquidating Trustee shall have the exclusive right to enforce any and all claims, Causes of Action and other causes of action against any person, and rights of the Debtor that arose before or after the Petition Date, including but not limited to the rights and powers of a

trustee and/or debtor-in-possession against any person whatsoever, including but not limited to, all avoidance actions, except claims and Causes of Action waived and/or released under the Plan. The Liquidating Trust or Liquidating Trustee shall be substituted as a plaintiff in all lawsuits pending in which the Debtor is a plaintiff. The Liquidating Trust and Liquidating Trustee shall not be subject to any counterclaims with respect to any Cause of Action or any cause of action constituting trust assets; provided, however, that any Cause of Action, and any other cause of action constituting trust assets will be subject to any set-off and/or recoupment rights to the same extent as if the Debtor itself had pursued such action.

The Liquidating Trustee, on behalf of the Liquidating Trust, shall also have the right to examine and object to any Claims in the Debtor's case. The Liquidating Trustee shall have the right and authority to settle Claims against the Debtor's estate for amounts less than $50,000 without the approval of the Trust Committee.

### F.    Liquidate or Abandon all Assets and Distribute Proceeds

With the approval of the Trust Committee, the Liquidating Trustee shall sell, transfer, assign, convey, lease, use, or otherwise liquidate all assets of the Liquidating Trust to pay Allowed Claims, as designated within the Plan. The Liquidating Trustee may dispose in any appropriate manner any asset deemed to be of inconsequential value or burdensome to the Liquidating Trust upon approval of the Trust Committee, so long as not in contravention of applicable laws. The proceeds of such liquidation shall be distributed as provided in the Plan. Property shall be deemed under the terms of the Plan to be of inconsequential value or burdensome to the Liquidating Trustee if, in the Liquidating Trustee's opinion, the disposal or sale of such property would cost as much as or more than the value received from such disposal. The Debtor has not identified any property of the estate which is of

inconsequential value at this time.  Further, the Debtor has not identified any property, the abandonment of which would be in violation of state statutes or regulations reasonably designed to protect the public health or safety.

### G.  Control of Books and Records; Privileges

The Liquidating Trustee shall have complete and exclusive access and control on and after the Effective Date to all books, records (subject to the SPP's sale order – Exhibit "A" to the Disclosure Statement) and office space (as needed by the Liquidating Trustee and subject to availability) of the Debtor.  The Debtor shall immediately surrender all such books, records and office space (to the extent necessary) to the Liquidating Trustee on the Effective Date.  From and after the Effective Date, any of the Debtor's management personnel, brokers, appraisers, and other professionals shall, upon request of the Liquidating Trustee, surrender any of the Debtor's books and records to the Liquidating Trustee.  The Liquidating Trustee shall also succeed to the rights of any and all privileges and confidential information of the Debtor, including, but not limited to, the attorney-client privilege of the Debtor.  The Liquidating Trustee shall be the sole person with the authority to waive or assert the attorney-client privilege of the Debtor after the Effective Date.

Three months before the termination of the Liquidating Trust, the Liquidating Trustee shall so notify the Insurers and provide the Insurers with the opportunity to take possession of and/or photocopy the books and records of the Debtor, and/or any other property, of the Debtor that is related to any claim or lawsuit that impacts or might impact coverage provided under the Insurance Policies, including without limitation, product samples, component parts, and physical or electronic versions of any designs, drawings, manufacturing specifications, safety literature, product manuals, and any correspondence relative to same.

**H.**     **Dissolution of Debtors; Tax Returns**

As soon following the Effective Date as practicable, on behalf of the Debtors, the Liquidating Trustee shall (I) file such Debtor's articles or certificate of dissolution and such other documents as are necessary to effect or complete its dissolution under the applicable laws of the state of Mississippi, and (ii) file any required final federal, state and local tax returns, and take such other action as shall be necessary or appropriate to effect a final determination of any amounts of federal, state or local taxes owed by the Debtor.   The Liquidating Trustee shall be responsible for filing all tax returns of the Debtor after the Effective Date.

**I.**     **The Trust Committee**

**1.**     **Formation of the Trust Committee**

Upon Confirmation, there shall be formed and exist a Trust Committee to oversee the Liquidating Trustee for the benefit of Holders of Allowed Claims in Class 5 and Interests in Class 6 as provided in the Plan.

**2.**     **Loyalty of Trust Committee**

The Trust Committee shall represent the Holders of Allowed Claims in Class 5 and Interests in Class 6 in connection with the provisions of the Plan.   In so doing, the Trust Committee shall act to facilitate the earliest possible full payment of Allowed Claims in Class 5 and Interests in Class 6 and non-classified administrative and priority Claims to allow for cash distributions to begin to Classes 1 and 2.

### 3.    Trust Committee Rules of Operation

The Trust Committee shall function under the following rules:

### a)    Membership

The Trust Committee shall initially consist of three (3) persons which shall be chosen by the Committee.  Such Trust Committee members shall be chosen before the Confirmation hearing on the Plan and the Confirmation Order shall specifically name each member appointed to the Trust Committee.

### b)    Vacancy

In the event that a vacancy occurs by reason of death or resignation, the resulting vacancy shall be filled within thirty (30) days thereafter.  The vacancy shall be filled by the remaining Trust Committee members.  The Trust Committee shall function as such, whether or not vacancies are filled.  Any ties with respect to a vote regarding the membership of the Trust Committee shall be determined by the Liquidating Trustee, whose determination shall be final.

### 4.    Voting; Notice of Meetings

A majority of the Trust Committee shall constitute a quorum qualified to act.  The vote of a majority of the members of the Trust Committee present at the time of the vote, if a quorum was present at the outset of the meeting, shall be the act of the Trust Committee. The Trust Committee may act on the written consent of the majority of the members of the Trust Committee eligible to vote on an issue without a meeting.  Meetings of the Trust Committee shall be called any Trust Committee member or the Liquidating Trustee.   When a meeting is called, the Trust Committee or Liquidating Trustee shall fix a time and place

for, and give reasonable notice of, the time, place and purposes of such meeting to the Trust Committee members and to the Liquidating Trustee if such notice is deemed appropriate by the Trust Committee.  Notices may be delivered personally, by mail, by telephone, or facsimile or by e-mail to all members of the Trust Committee and the Liquidating Trustee. Any member of the Trust Committee may designate a proxy or act for it at any meeting, which designation may be oral unless requested to be made in writing by the other members of the Trust Committee.  Any such meeting may be conducted telephonically.

### 5. Compensation

The members of the Trust Committee will be reimbursed for their reasonable out of pocket expenses.

### 6. Advisors

The Liquidating Trustee and the Trust Committee may consult with attorneys, accountants, agents, appraisers and other professionals, and the opinions of the same shall be full protection and justification to the Liquidating Trustee and the Trust Committee, its members and the Class 5 Creditors and Class 6 Interests for anything done or admitted or suffered to be done in accordance with said opinions.  Post-confirmation fees and expenses of such professionals engaged by the Liquidating Trustee and the Trust Committee shall be charged as expenses of the Liquidating Trust and be paid, upon approval of the Liquidating Trustee and the Trust Committee, without notice, Bankruptcy Court approval or order.

### 7. Dissolution

When all payments provided for in the Plan have been made to the Creditors and all other obligations under this agreement fulfilled, the duties, powers and responsibilities of the

Trust Committee, its members, agents, attorneys and accountants shall terminate forthwith and the Trust Committee shall dissolve.

### 8.    Reports

The Liquidating Trustee may circulate information and reports that, in his sole discretion, are deemed advisable in order to fully inform the holders of Claims in Class 5 and Interests in Class 6 concerning the operations of the Liquidating Trust and all matters relating to the effectuation of the Plan.

### 9.    Limitation on Liability

Each member of the Trust Committee, as the Trust Committee may be constituted from time to time, shall use its best judgment and discretion in all things connected herewith and shall not be personally liable in any case whatsoever arising in connection with the activities of the Trust Committee or the Liquidating Trustee as provided for under the Plan, either for that member's acts or for its failure to act, unless he/she shall have been guilty of fraud or willful misconduct.   No member or his/her employer shall be held liable or responsible for the willful fraud or  misconduct of any other member of the Trust Committee, or any employees of the Trust Committee, or of the Liquidating Trustee.   The Trust Committee and its members shall not be required to give any bond for the faithful performance of its or their duties hereunder.

### 10.    Resignation

Any member of the Trust Committee may resign from his/her position upon written notice to the Trust Committee members and the Liquidating Trustee.

### J.    Powers and Duties of the Trust Committee

After the Effective Date, the Trust Committee shall supervise the Liquidating Trustee in carrying out the provisions of the Plan.  The approval of the Trust Committee shall be required for the Liquidating Trustee to liquidate assets, settle Cause of Action and claims of the Liquidating Trust, and compromise objections to Claims against the estate in excess of $50,000.  In connection with the foregoing, the Trust Committee may retain such professional advisors as the Trust Committee deems necessary or appropriate on such terms as are acceptable to the Trust Committee.

### K.    Covenants of the Liquidating Trustee

#### 1.    Negative Covenants

During the term of the Plan, the Liquidating Trustee shall not take any action contrary to the Plan.

#### 2.    Positive Covenants

During the term of the Plan, the Liquidating Trustee, shall, unless otherwise waived in writing by the Trust Committee:

a)    Distribute to the Trust Committee such financial data and financial statements as the Trust Committee may reasonably request.

b)    Furnish to each member of the Trust Committee notice of proposed distributions.

c)    Permit reasonable access by the Trust Committee or any person designated by the Trust Committee to all records maintained by the Liquidating Trustee during business hours.

d)    Provide the holders of beneficial interests in the Liquidating Trust with valuations of the property transferred to the

Liquidating Trust.  Such valuations will be used for all federal income tax purposes.

## L.    Liquidating Trust and Trustee Provisions

### 1.    Liquidating Trustee's Powers

The Liquidating Trustee shall serve without bond. The Liquidating Trustee may not engage in any trade or business except to the extent reasonably necessary to, and consistent with, its liquidating purpose.   Without limiting the generality of the foregoing, the Liquidating Trustee, subject to the approval of the Trust Committee where necessary, shall have full power and authority, without further notice or Bankruptcy Court approval, to:

a)    Perfect and secure its rights, title and interest to the properties comprising the Liquidating Trust estate;

b)    Reduce all property in his possession to cash and hold the same;

c)    Sell and convert the properties of the Liquidating Trust to cash, on terms and conditions the Liquidating Trustee deems advisable, and distribute the net proceeds pursuant to the Plan;

d)    Contract to sell and sell the Liquidating Trust estate or any part or parts thereof for such purchase price and for cash or on such terms as the Liquidating Trustee shall deem appropriate;

e)    Pay and discharge any costs, expenses or obligations deemed necessary to preserve the Liquidating Trust's estate or any part thereof or to preserve this Liquidating Trust;

f)    Purchase insurance of all kinds sufficient to protect fully the Liquidating Trust's property or any part or parts thereof and to protect from liability;

g)     Deposit Liquidating Trust funds;

h)     Draw checks and make disbursements;

i)     Employ and have such attorneys, accountants, appraisers and any other professionals as are necessary in the administration of the Liquidating Trust and to compensate the same from the Liquidating Trust estate, which professionals may be the professionals retained by the Creditors' Committee and/or the Debtor; such expenses shall be paid without notice, Bankruptcy Court approval or order;

j)     Take any action necessary to protect the Liquidating Trust estate;

k)     Enter into contracts and execute negotiable and non-negotiable obligations;

l)     Sue third parties to recover assets of the Liquidating Trust;

m)     Appoint, remove and act through agents, managers and employees and confer upon them such power and authority as may be necessary or advisable;

n)     When and if advisable, object to claims or seek their subordination;

o)     Litigate claims and Causes of Action, including tort claims and Insurance Claims;

p)     Perform the Debtor's obligations under Insurance Policies, including without limitation, providing notice to Insurers, cooperating with Insurers, and involving Insurers in defense and settlement decision-making, all as set forth in the applicable Insurance Policies;

q)     Compromise controversies;

r)      Seek the valuation of assets by the Bankruptcy Court;

s)      Establish a reserve for the payment of future expenses;

t)      Withhold employment and income, or other taxes as is appropriate;

u)      When, in its sole discretion, the Liquidating Trustee determines that it is practicable and appropriate, the Liquidating Trustee shall seek an order administratively closing the Case, and a final decree from the Bankruptcy Court closing the Chapter 11 Case; and

v)      Take such other actions, as may be necessary or helpful to consummate the Plan.

## 2.      Management of Liquidating Trust's Estate

The Liquidating Trustee shall invest all funds received into the Liquidating Trust in the same manner as Chapter 7 trustees are required to invest funds pursuant to the guidelines of the United States Trustee, provided that the Liquidating Trustee shall invest funds held in only demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid and low-risk investments, such as Treasury bills.

## 3.      Maintenance of Records

The Liquidating Trustee shall keep or cause to be kept books and records containing a description of all property from time to time constituting the Liquidating Trust estate, and an accounting of all receipts and disbursements in respect of the Liquidating Trust and its assets.

## 4.      Liquidating Trust Expenses

All costs, expenses and obligations incurred by the Liquidating Trustee and/or the Trust Committee in administrating the Liquidating Trust or in any manner connected, incidental or related thereto shall be a charge against the trust assets remaining from time to time in the hands of the Liquidating Trustee.  Such expenses shall be paid as they are incurred without the need for Bankruptcy Court approval.  The Trust Committee members' individual legal fees shall not be charged against the Liquidating Trust's estate, but the expenses incident to the attendance of a meeting shall be chargeable.

### 5.    Liquidating Trustee Compensation

The Liquidating Trustee shall be compensated for his services at a rate of $250 per hour and shall be reimbursed for reasonable out of pocket expenses. Payment of fees and expenses of the Liquidating Trustee shall be approved by the Trust Committee.

### 6.    Limitation on Liquidating Trustee's Liability

The Liquidating Trustee shall not be liable for any act or omission as Liquidating Trustee hereunder acting in good faith in the exercise of his best judgment, and the fact that such act or omission was advised, directed or approved by the Trust Committee or advised by an attorney acting as attorney for the Liquidating Trust shall be conclusive evidence of such good faith and best judgment, provided however, that the Liquidating Trustee shall be liable in any event for his own fraud, willful misconduct or gross negligence.

### 7.    Replacing the Liquidating Trustee

In the event of the death or resignation of the Liquidating Trustee, a successor Liquidating Trustee shall be appointed by the Trust Committee.  The Trust Committee may not dismiss the Liquidating Trustee, without cause, at any time and name a successor

Liquidating Trustee without obtaining an Order from the Bankruptcy Court. The Liquidating Trustee may resign at any time by giving written notice of his intention to do so addressed to the Trust Committee and such resignation shall be effective upon the date and time provided in an instrument in writing, signed and acknowledged by the Trust Committee and delivered to the resigning Liquidating Trustee, which also names the successor Liquidating Trustee. A successor Liquidating Trustee shall be vested with all the rights, privileges, powers and duties of his predecessor.

### 8.    Duration of Liquidating Trust

The Liquidating Trust shall become effective upon the Effective Date. Thereupon these Liquidating Trust provisions and the Liquidating Trust shall remain and continue in full force and effect until the Liquidating Trust's estate has been wholly converted to cash or abandoned and all costs, expenses and obligations incurred in administering this Liquidating Trust have been fully paid and all remaining income, proceeds and avails of the Liquidating Trust's estate have been distributed in payment of Allowed Claims pursuant to the provisions of the Plan. The Liquidating Trustee will make continuing efforts to dispose of the trust assets, make timely distributions and not unduly prolong the duration of the Liquidating Trust. The Liquidating Trust shall in no event remain in existence for longer than five (5) years, provided, however, that upon approval of the Bankruptcy Court or some other court of competent jurisdiction upon a finding that an extension(s) of such term is necessary to the liquidating purpose of the Liquidating Trust, the term of the Liquidating Trust may be extended for a finite term based on the particular facts and circumstances; each further extension must be approved by the Bankruptcy Court or some other court of competent jurisdiction within six (6) months of the beginning of the extended term. Upon the

occurrence of the termination of the Liquidating Trust, the Liquidating Trustee shall file with the Bankruptcy Court a report thereof, seeking an order discharging the Liquidating Trustee and providing such injunctive relief required with respect to Claims which are discharged, and provide notice thereof to all creditors whose Claims were not paid in full pursuant to the Plan.

It is anticipated that the Liquidating Trustee will assume the responsibility for the litigation(s) presently pending upon the Effective Date of the Plan.   Similarly, the Debtor expects the Liquidating Trustee to complete the analysis of Claims and the Claim objection process which has already commenced.   Because the Debtor is not certain when the termination of the Liquidating Trust will occur, the Debtor cannot estimate with any degree of certainty the fees and costs to be incurred by the Liquidating Trustee. The Debtor believes that the costs incurred by the Liquidating Trustee would be less than if a trustee were appointed or if this proceeding was converted to a Chapter 7 case.

The Debtor believes that based upon its estimates, the Liquidating Trust will have between $100,000.00 and $150,000.00 to distribute to creditors, at confirmation.   If this Bankruptcy Case was converted to a Chapter 7 or if the Plan provided for a trustee to be appointed and compensated pursuant to §326 of the Bankruptcy Code, the compensation to the trustee alone could range from $25,000.00 to $50,000.00.  In addition, such a trustee may engage professionals whose fees may exceed the fees anticipated under the Plan, as the Debtor believes that the Liquidating Trustee will continue to employ the professionals currently handling matters, including litigation, for the estate.   Therefore, although the Debtor is unable to estimate the costs to be incurred by the Liquidating Trust, it does believe that the costs will be lower than other alternatives available.

M.    **Provisions Governing Distributions**

1.    **Order of Distribution of Liquidating Trust Cash**

The Liquidating Trustee shall distribute or reserve available cash of the Liquidating Trust in the following order of priority:

a)    to pay the Claims of Class 1 as allowed;

b)    to pay the post-confirmation expenses of the Liquidating Trust and the Trust Committee, including a reserve of such Cash to pay future expenses of the Liquidating Trust and the Trust Committee as the Liquidating Trustee deems advisable;

c)    to pay the Claims of Class 2 as allowed;

d)    to pay Allowed Claims of Class 5 and Interests of Class 6 in order of priority and on a Pro Rata basis until all cash has been distributed from the Liquidating Trust.

2.    **Method of Distributions Under the Plan**

Subject to Bankruptcy Rule 9010, all distributions under the Plan shall be made to the holder of each Allowed Claim at the address of such holder as listed on the Schedules, unless the Debtor or Liquidating Trustee have been notified in writing of a change of address by such holder that provides an address for such holder different from the address reflected on the Schedules.

Any payment of Cash made pursuant to the Plan shall be made, at the sole option of the Liquidating Trustee, by check drawn on a domestic bank, wire transfer, or any other method mutually agreeable between the Liquidating Trustee and the payee.

The Liquidating Trustee shall make all payments on or about the Effective Date that are

called for by the Plan to be made on or about the Effective Date.  Otherwise, distributions to

claimants shall be made by the Liquidating Trustee each time the Liquidating Trustee, in his

sole discretion, has accumulated sufficient funds to merit a distribution, considering the

number of creditors and dollar amount owed to creditors in such class or group of claims, or

when the Liquidating Trustee has determined that no additional funds are likely to be

collected. Any payment or distribution required to be made under the Plan on a day other

than a business day shall be made on the next succeeding business day.

No payment of cash less than twenty dollars ($20.00) shall be made to any holder of a

Claim unless a request therefor is made in writing to the Liquidating Trustee.

All distributions constituting a partial payment to a class of Allowed Claims shall be

made on a Pro Rata basis to the holders of Allowed Claims in such class.

On the initial distribution date and each subsequent distribution date, the Liquidating

Trustee shall reserve from the distributions to be made on such dates to the holders of

Allowed Claims in a particular class, an amount of cash equal to 100% of the distributions to

which holders of disputed Claims in such class would be entitled under the Plan as of such

dates as if such disputed Claims were Allowed Claims in their non-disputed claim amounts

(the "Reserve").  The Liquidation Trust may reserve a lesser amount for the holder of a

disputed Claim by agreement with such holder or as ordered by the Bankruptcy Court after

reasonable notice and an opportunity for a hearing on the estimation of such disputed Claim

under section 502(c) of the Bankruptcy Code.

### 3.    Distributions Upon Allowance of Disputed Claims

The holder of a disputed Claim that becomes an Allowed Claim subsequent to the

initial distribution date shall receive distributions from the Reserve in accordance with and pursuant to the terms of the Plan on the next distribution date selected by the Liquidating Trustee following the date on which such disputed Claim becomes an Allowed Claim pursuant to a Final Order.  Such distributions shall be made in accordance with the Plan based upon the distributions that would have been made to such holder under the Plan if the disputed claim had been an Allowed Claim on or prior to the Effective Date, without any post-Effective Date interest thereon.

### 4.      Undeliverable and Unclaimed Distributions

If any distribution to any holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable, no further distributions shall be made to such holder unless and until the Liquidating Trustee is notified, in writing, of such holder's then-current address. Undeliverable distributions shall remain in the possession of the Liquidating Trustee until such time as a distribution becomes deliverable, subject to the time limitation set forth below.  All holders of Allowed Claims ultimately receiving previously undeliverable cash shall not be entitled to any interest or other accruals of any kind.  Nothing contained in the Plan shall require the Liquidating Trustee to attempt to locate any holder of an Allowed Claim.

Checks issued by the Liquidating Trustee on account of Allowed Claims shall be null and void if not negotiated within 120 days from and after the date of issuance thereof. Requests for re-issuance of any checks shall be made directly to the Liquidating Trustee by the holder of the Allowed Claim with respect to which such check originally was issued.

After the first (1st) anniversary of the Effective Date, the Liquidating Trustee shall

file a list (the "Unclaimed Distribution List") with the Bankruptcy Court setting forth the names of those persons, if any, for which distributions have been made hereunder that have been (a) returned as undeliverable as of the date thereof, or (b) rendered null and void due to failure to negotiate a check within 120 days of issuance without the subsequent issuance of a replacement check.  Any holder of an Allowed Claim that does not assert its rights pursuant to the Plan to receive a distribution within ninety (90) days from and after the date the Unclaimed Distribution List is filed with the Bankruptcy Court shall have its Claim for such undeliverable or unclaimed distribution discharged and shall be forever barred from asserting any such claim against the Liquidating Trust or the Liquidating Trustee.  In such case, any consideration held for distribution on account of such Allowed Claim shall revert to the Liquidating Trust for distribution to the beneficiaries of the Liquidating Trust in accordance with the terms of the Plan.  With respect to any undeliverable and unclaimed distributions that occur after the filing of the Unclaimed Distribution List, undeliverable distributions shall be held by the Liquidating Trustee and voided distribution checks shall be reissued for such period of time as the Liquidating Trustee deems prudent and appropriate so long as the administration of the Liquidating Trust and its assets is not delayed.

### 5.    Federal Tax Identification Number

The Liquidating Trustee shall deny distribution to any Creditor that has not provided the Liquidating Trustee with its Federal Tax Identification number or social security number, as the case may be, if the holder of a Claim does not provide its Federal Tax Identification Number or Social Security number to the Liquidating Trustee within 60 days of a written request.

### 6.    Exculpation and Immunity Regarding Distributions

The Liquidating Trustee and its representatives, agents and professionals, from and after the Effective Date, are hereby exculpated by all persons, holders of Claims and Interests, entities and parties-in-interest receiving distributions under the Plan from any and all claims, causes of action and other assertions of liability arising out of the Liquidating Trustee's discharge of the powers and duties conferred upon him by the Plan or any Order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan or applicable law, except solely for actions or omissions arising out of fraud, willful misconduct or gross negligence.  No current holder of a Claim or Interest, and no representative thereof, shall have or pursue any claim or cause of action (a) against the Liquidating Trustee for making payments or taking any action in accordance with the Plan or for implementing the provisions of the Plan or (b) against any holder of a Claim for receiving or retaining payments or other distributions as provided for by the Plan.

### N.    Securities Laws and Reports to Holders of Liquidating Trust Interests

Under section 1145 of the Bankruptcy Code, the issuance of Liquidating Trust interests under the Plan shall be exempt from registration under the Securities Act of 1933 and applicable state and local laws requiring registration of securities.  Furthermore, the issuance of beneficial interests in the Liquidating Trust shall be exempt from registration, reporting and other requirements of the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940 and any other federal and state securities laws.  The Confirmation Order may contain provisions confirming the above matters.

Not later than 120 days after the end of each calendar year during the term of the Liquidating Trust, the Liquidating Trust will cause to be prepared and distributed to holders of beneficial interests in the Liquidating Trust an annual report setting forth a summary of

financial activities of the Liquidating Trust for the preceding calendar year and its financial condition at the end of such period. The financial information in such annual report need not be audited.

### O.   Indemnification; Limitations

The Liquidating Trust will protect, hold harmless and indemnify the Liquidating Trustee and the members of the Trust Committee from and against any and all claims, injury, damage, costs, charges and expenses, including reasonable attorneys' fees, which the indemnified parties may suffer or pay, for or on account of, or by reason of their lawful acts on behalf of the Liquidating Trust or resulting from their services for the acts on behalf of the Liquidating Trust or resulting from their services for the Liquidating Trust, except any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities based on conduct that constitute fraud, gross negligence or reckless, willful, or wanton misconduct.

Except as provided in the Plan, no recourse shall ever be had, directly or indirectly, against the Liquidating Trustee or any member of the Trust Committee personally, or against any agent, attorney, accountant or other professional for the Liquidating Trustee or the Trust Committee, by legal or equitable proceedings, or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Liquidating Trustee under the Plan, or by reason of the creation of any indebtedness by the Liquidating Trustee under the Plan for any purpose authorized by the Plan, it being expressly understood and agreed that all such liabilities, covenants and agreements shall be enforceable only against and be satisfied only out of the trust assets or such part thereof as shall under the terms of any such agreement be liable therefor or shall be evidence only of a right of payment out of the trust assets.

# ARTICLE VI

## THE EFFECT OF THE PLAN

### A.    Vesting

On the Effective Date, all property and Assets of the Debtor and the Debtor's estate that constitute trust assets as of the Effective Date, specifically including all of the Debtor's Causes of Action retained pursuant to § 1123(b)(3)(B) of the Bankruptcy Code, shall, without further act or action on the part of any party be deemed: (a) to be merged with and into the pool of property and assets constituting the trust assets; and (b) to be transferred to and vested in the Liquidating Trust free and clear of all liens, encumbrances, Claims and Interests, except for those Claims and Interests specifically provided for under the Plan or the Confirmation Order.

### B.    Discharge

Confirmation of the Plan will discharge the Debtor, and the Committee, as well as their officers, employees, agents, attorneys, accountants, partners and shareholders from all pre-confirmation debts except as provided for in the Plan, the Confirmation Order, or the Bankruptcy Code.  Confirmation of the Plan vests all property of the Debtor's estate in the Liquidating Trust, free and clear of all liens, cumbrances, Claims and Interests of creditors and binds the Debtor, its creditors, Interest holders, the Liquidating Trustee and other parties regardless of whether they have accepted the Plan.

### C.    Governing Authority

Except to the extent that the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, the rights and obligations arising under the Plan shall be governed

by, and construed and enforced with the laws of the State of Mississippi, without giving effect to any conflicts of law principles.

### D.    Termination of the Committee

The appointment of the Committee shall terminate on the Effective Date.

## ARTICLE VII

## MODIFICATION OF THE PLAN

The Proponents may amend or modify the Plan at any time prior to the entry of an order confirming the Plan without the approval of the Court.  Subsequent to the entry of the order confirming the Plan, the proponent may modify the Plan before substantial consummation of the Plan with the approval of the Court.

## ARTICLE VIII

## EXECUTORY CONTRACTS

Unless expressly assumed or rejected, all remaining executory contracts and unexpired leases shall be deemed rejected as of the date the Disclosure Statement is approved unless actual experience reflects an informal rejection thereof through actions and inactions of the Debtor and non-debtor parties to the executory contracts or leases. Claims, if any, arising from the rejection of executory contracts or unexpired leases shall be filed with the Bankruptcy Court and served upon the Proponents on or before the date set forth in the Order Approving the Disclosure Statement or such Claims will be released and forever barred.

# ARTICLE IX

## **UNITED STATES TRUSTEE FEES**

The Debtor shall pay to the United States Trustee, the appropriate sum required by 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of the Order Confirming the Plan.

The Debtor shall timely pay to the United States Trustee any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this Case is converted, dismissed or closed by the Court.  Additionally, the Debtor shall timely submit to the United States Trustee post-confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this Case is converted, dismissed or closed by the Court.

# ARTICLE X

## **RETENTION OF JURISDICTION**

1. Subsequent to Confirmation of the Plan (including after the Chapter 11 Case has been closed), the Court shall have jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan for, inter alia, the following purposes:

2. To determine any and all proceedings involving the allowance, estimation, classification, priority, payment or subordination of Claims or Interests.

3. To determine and all applications or motion for allowances of compensation and reimbursement of necessary expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code.

4       To determine any and all application or motions pending on the Effective

Date for the rejection or assumption of executory contracts or unexpired

leases or for the assumption and assignment, as the case may be, of executory

contracts or unexpired leases to which the Debtor is a party or which the

Debtor may be liable, and to hear and determine, and if need be, liquidate, any

and all Claims arising therefrom including the determination of defaults

required to be cured;

4.      To determine any and all applications, adversary proceedings and contested or

litigated matters initiated or asserted by the Debtor on or prior to the Effective

Date and initiated or asserted by the Liquidating Trustee subsequent to the

Effective Date and arising under Chapter 11 of the Bankruptcy Code or

arising in or related to the Debtor's Chapter 11 Case, including but not limited

to, (I) Causes of Action and other claims  to avoid or recover transfers of the

Debtor's property, including, but not limited to, all avoidance actions under

Chapter 5 of the Bankruptcy Code and actions pursuant to applicable state

law, (ii) all claims and Causes of Action arising from pre-petition activities of

the Debtor, whether arising by statute or common law, whether arising under

the laws of the United States, Mississippi or any other state having

jurisdiction over any claim or controversy, and whether maintainable against

third parties, affiliates or insiders of the Debtor, (iii) claims, Causes of Action

and other litigation that may adversely impact or affect the Liquidating

Trust's property;

5.      To issue orders, determinations and rulings regarding the valuation, recovery, disposition, distribution, operation or use of the Debtor's property, including claims to recover preferences, fraudulent conveyances or damages of any type from any person and whether initiated before or after the Effective Date;

6.      To consider any modifications to the Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

7.      To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement, implementation or consummation of the Plan or any person's obligation and responsibilities thereunder;

8.      To consider and act on the compromise and settlement of any Claim against or claim or Cause of Action by or against the Debtor or the Liquidating Trust;

9.      To issue such orders in aid of execution of the Plan to the extent authorized by 11 U.S.C. § 1142.

10.     To enter a final decree closing the Debtor's Chapter 11 Case;

11.     To recover all assets of the Debtor, wherever located;

12.     To determine matters concerning state, local and federal taxes in accordance with §§ 346, 546 and § 1146 of the Bankruptcy Code;

13.     To determine all matters (including regulatory matters) relating to the Liquidating Trust.

THIS, the _6th_ day of October, 2014.

Respectfully submitted,

**SANDERSON PLUMBING PRODUCTS, INC.**

By Its Attorneys,
LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
Jarret P. Nichols, Esq.; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 – Facsimile

**OFFICIAL COMMITTEE OF
UNSECUREDCREDITORS**

By Its Attorneys,
LOWENSTEIN SANDLER

By: _____
Bruce S. Nathan
John K. Sherwood
Tania Ingman

COPELAND COOK TAYLOR & BUSH

By: _S Bill Leul_____

William H. Leech

Christopher Meredith

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.

Office of the United States Trustee

Sammye.S.Tharp@usdoj.gov

THIS, the _6th_ day of October, 2014.

_Craig L Geno_____

Craig M. Geno