

SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SANDERSON PLUMBING PRODUCTS, INC.　　　　CASE NO. 13-14506-JDW
DEBTOR　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 11

## AGREED ORDER CONFIRMING
## JOINT CHAPTER 11 PLAN OF REORGANIZATION

THIS CAUSE came on to be heard at a hearing on confirmation on May 14, 2015 (the "Confirmation Hearing"), of the Joint Chapter 11 Plan of Reorganization **[DK #375]** (the "Plan"),[1] filed herein by Sanderson Plumbing Products, Inc. (the "Debtor" or "Sanderson"), and the Official Committee of Unsecured Creditors (the "Committee"), objections thereto by Sandra B. Sanderson Chesnut ("Mrs. Chesnut") **[DK #457]**, the Mississippi Development Authority (the "MDA") **[DK #458]**, and the United States Trustee (the "UST") **[DK #459]**, and the Court having heard arguments in support of, and in opposition to, the Plan, and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby found as follows:

1.　　The Plan was duly noticed to the holders of Claims and to all creditors and parties-in-interest in accord with the applicable provisions of the Bankruptcy Code.

2.　　The classification of Claims in the Plan is based upon a substantial similarity of all Claims in each such class, is reasonable and was made in good faith, and was not made for the purpose of affecting the vote in such class or for any improper purpose.

---

[1]　　Terms used but not defined herein shall have the meanings ascribed to them in the *Plan and Disclosure Statement For Joint Chapter 11 Plan* **[DK #374]** (the "Disclosure Statement").

29094/2
06/29/2015 38375730.5

3. Pursuant to this Court's prior order **[DK #441]**, the Disclosure Statement and the Addendum to the Disclosure Statement **[DK #409]** (the "Addendum"), which were submitted by the proponents of the Plan to all creditors, contained adequate information as required by Section 1125 of the Bankruptcy Code. The solicitation for acceptances of the Plan was conducted in good faith and in a thorough manner, was made of all creditors, gave all such creditors a fair and adequate opportunity to accept the Plan and was in compliance with Section 1129 of the Bankruptcy Code.

4. The credible evidence embraced all the facts relevant to the Plan and addressed all the prerequisites to confirmation imposed by Section 1129 (b) of the Bankruptcy Code.

5. The Debtor received twenty-three (23) ballots in connection with the Plan. A total of twenty-two (22) creditors in Class 4 (96%) voted in favor of the Plan ($2,596,445.32 - 99%). One (1) creditor in Class 4 (4%) voted to reject the Plan ($20,644.91 - 1%). Class 4 Claims are impaired.

6. The Plan, as modified herein, complies with the applicable provisions of 11 U.S.C. §1129 in that:

(a) The Plan, as modified herein, complies with the applicable provisions of Title 11 of the United States Code;

(b) The proponents have complied with all applicable provisions of Title 11 of the United States Code;

(c) The Plan has been proposed in good faith and not by any means forbidden by law, as required by section 1129(a)(3) of the Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based thereon, the Court concludes that the Plan has been proposed with a legitimate and honest purposes of maximizing the distributions available to creditors. Further, the Plan has been proposed for valid business purposes, to satisfy substantial obligations of the Debtor and to provide relief under Chapter 11 to the Debtor and its creditors;

(d)    All payments to be made by the Debtor or any other party provided for in Section 1129(a)(4) of the Bankruptcy Code for services, or for costs and expenses and/or in connection with this case either have been approved, or are subject to the approval, by this Court as reasonable;

(e)    The proponents have disclosed the identity of any insiders who would be employed or needed by the Debtor;

(f)    Each holder of an impaired claim would receive under the Plan on account of such claim, property of a value that is not less than the amount each holder would receive if the Debtor were liquidated under Chapter 7 of Title 11 of the United States Code;

(g)    All allowed expenses of administration, unless deferred or waived, will be paid in cash upon the effective date of the Plan, under the Plan when due, or as allowed and directed by the subsequent order(s) of the Court and/or this Agreed Order of confirmation;

(h)    The Plan does not discriminate unfairly among creditors or classes, and the designation of classes under the Plan is reasonable, based upon the fact that each claim in any class of the Plan is substantially similar; and

(i)    The Plan complies with the requirements of 11 U.S.C. §1129(a)(15).

7.    The Plan is feasible and is based on the valid business judgment of the Debtor, and confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor, other than that specified in the Plan itself.

8.    The objection to the Plan filed by Mrs. Chesnut was withdrawn.

9.    The objection by the MDA was withdrawn.

10.    The objection by the UST is resolved pursuant to the following terms and conditions:

(a)    The Debtor shall not receive a discharge in that the Plan is a Plan of Liquidation;

(b)    H. Kenneth Lefoldt (the "Liquidating Trustee") shall not be required to post a bond. In lieu of the requirement of the posting of a bond by the Liquidating Trustee, all checks

issued on behalf of the Sanderson Plumbing Liquidating Trust (the "Liquidating Trust") shall be executed by both (1) the Liquidating Trustee and (2) William H. Leech or his designee;

(c) Only those persons and entities mentioned in Paragraph 11 of this Agreed Order shall receive a release. The other entities mentioned in the Disclosure Statement and Plan, for whom releases were sought, shall not be given releases. However, the Debtor is unaware of any claims it may have against those named individuals or entities;

(d) As noted herein, while the Debtor will not receive a discharge, all creditors must look solely to the assets of the Debtor (and of the Liquidating Trust) for satisfaction of their Claims though neither this Order nor any injunction contained herein shall operate or be construed to limit or impair the right of any creditor to pursue satisfaction of its Claim from any party other than the Debtor responsible therefor prior to the filing of the Petition herein, such as a third-party guarantor, though this provision shall not be a limitation upon the effectiveness of paragraph 11 hereof, which amends Article IV.I of the Plan and provides for release of certain parties with respect to post-petition matters as described therein; and

(e) The Liquidating Trust Committee members have been designated.

Based upon this amendment to the Plan and the agreement of the parties, the objection of the UST is resolved.

11. Article IV.I of the Plan is hereby deleted and replaced with the following:

> On the Effective Date, the Debtor, on its own behalf and as a representative of the Debtor's estate, in consideration of services rendered in the Chapter 11 Case and other good and valuable consideration, shall release the Committee, the Committee's members, and all professionals retained by the Committee in this bankruptcy case, from any and all claims, obligations, suits, judgments, rights, causes of action and liabilities whatsoever (including, without limitation, those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or thereafter arising in law, equity or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or after the Petition Date up to and including the Effective Date, in any way relating to the post-petition services performed relating to the Debtor, the Chapter 11 Case or the Plan.

However, these releases shall not constitute a waiver of rights of any party-in-interest to object to the fee applications of professionals retained by the Committee and do not apply to claims of grossly negligent or willful misconduct.

12. The reference in Article V.A.1 of the Plan to "holders of Allowed Claims in Classes 5 and 6" is hereby revised to read "holders of Allowed Claims in Class 4 and Interests in Class 5." The references in Article V.I.1, Article V.I.2, and Article V.I.8 of the Plan to "Claims in Class 5 and Interests in Class 6" are hereby revised to read "Claims in Class 4 and Interests in Class 5." The reference in Article V.I.6 of the Plan to "Class 5 Creditors and Class 6 Interests" is hereby revised to read "Class 4 Creditors and Class 5 Interests." Article V.M.1(d) of the Plan is hereby deleted and replaced with the following: "(d) to pay Allowed Claims of Class 4 and Interests of Class 5 in order of priority (first to Allowed Claims of Class 4 until paid in full, and then, after full payment of all Allowed Claims of Class 4 and the funding of the Reserve, to Interests of Class 5) and on a Pro Rata basis until all cash has been distributed from the Liquidating Trust."

13. All Claims asserted as section 503(b)(9) administrative-priority Claims listed on the Schedule annexed to this Agreed Order shall be allowed as administrative-expense Claims and shall be paid in full as soon as practicable after the Effective Date.

14. H. Kenneth Lefoldt is appointed as the Liquidating Trustee. Further, pursuant to a document filed as pleading docket number 465, the members of the Trust Committee are Sheboygan Paint Company of Cedartown, GA, Inc., Pratt Industries, Inc., and International Paper. The manner of selection and appointment of the Liquidating Trustee and the Trust Committee under the Plan is consistent with the interest of creditors and with public policy in accordance with the requirements of section 1123(a)(7) of the Code.

15. As required by section 1129(a)(5), the Debtor has disclosed the identity of the Liquidating Trustee and the members of the Trust Committee. The members of the Trust Committee shall serve without compensation, but they shall be reimbursed actual costs and expenses. The Liquidating Trustee and any professionals employed by him shall be compensated

in accordance with the Plan. The employment of Craig M. Geno as special counsel to pursue the claims of the Debtor (and the Liquidating Trust) in Adversary Proceeding Number 15-01005 has already been approved.

16. No governmental regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtor, and the Plan complies with section 1129(a)(6) of the Code.

17. The injunctions set forth in the Plan and this Agreed Order (a) are within the jurisdiction of this Court pursuant to 28 U.S.C. section 1334; (b) are necessary means of implementing the Plan pursuant to section 1129(a)(5) of the Code; (c) confer material benefits, and thus are in the best interest of the Debtor, its estate, its creditors and other parties in interest; (d) are, under the facts and circumstances of this Chapter 11 case, consistent with and permitted pursuant to sections 105, 524, 1123 and 1129 and all other applicable provisions of the Code, the Bankruptcy Rules and applicable bankruptcy law; and (e) are subject to certain statutes of limitations as set forth in the Plan in the Code.

18. Notwithstanding anything to the contrary in the Plan, the Debtor shall be dissolved upon further order of the Court after the estate has been fully administered and the case is due to be closed, or such other date as determined by the Liquidating Trust and Liquidating Trustee in their sole discretion.

19. The Plan is hereby amended to incorporate the terms and conditions contained in paragraphs 1 through 18 above.

It is, therefore,

ORDERED, ADJUDGED, AND DECREED that the Plan, as amended herein, is confirmed pursuant to section 1129 of the Code, and the Debtor and the Liquidating Trustee are authorized to implement the Plan in accordance with the terms thereof and to take any and all actions necessary to be taken by them under the Plan, without the need for further action by the Debtor, its directors or shareholders, or otherwise. It is further

ORDERED, ADJUDGED, AND DECREED that all objections to confirmation of the Plan that have not been withdrawn, waived, settled, or deemed moot are hereby overruled. The Court's

findings in paragraphs 1 through 18 above of this Agreed Order are incorporated herein as a part of the Court's rulings. It is further

ORDERED, ADJUDGED, AND DECREED that all of the modifications made to the Plan that were proposed orally during the confirmation hearing are hereby approved by the Court as set forth herein, without need for further notice or hearing, because they do not have any negative impact upon any creditor or party in interest. The provisions of the Plan and this Agreed Order are made binding upon the Debtor, the Liquidating Trust, the Liquidating Trustee, the Trust Committee, and all holders of Claims or Interests, whether or not such Claims or Interests are impaired under the Plan, and whether or not the holder of such Claim or Interest has filed, or is deemed to have filed, a proof of claim or proof of interest, or has accepted the Plan and all modifications made to the Plan in this Agreed Order. It is further

ORDERED, ADJUDGED, AND DECREED that, except as specifically provided otherwise in the Plan *and/or in this Agreed Order*, the rights afforded herein and the treatment of all Claims and Interests herein shall be in exchange for, and in complete satisfaction of, all Claims and Interests of any nature whatsoever against the Debtor or any of its assets or properties, including, without limitation, any liens or security interests. Except as otherwise provided in the Plan or this Agreed Order, on the Effective Date, all such Claims and Interest in Debtor shall be satisfied and all persons shall be precluded from asserting against the Debtor, the Liquidating Trust, and the Liquidating Trustee any other or further Claims or Interests that accrued prior to the Effective Date. It is further

ORDERED, ADJUDGED, AND DECREED that, upon the Effective Date, the Liquidating Trustee, subject to the oversight and authority of the Trust Committee, shall be and hereby is designated as the Debtor's representative as the individual responsible for overseeing and effecting the ultimate liquidation of the Debtor in accordance with the terms of the Plan and this Agreed Order, and shall have those powers and duties set forth in the Disclosure Statement and the Plan, and the Liquidating Trustee shall succeed to all of the rights, powers, and obligations of the Debtor. It is further

ORDERED, ADJUDGED, AND DECREED that, upon the Effective Date, in accordance with sections 1141(b), 1123(a)(5)(B), and 1123(b)(3)(B) of the Bankruptcy Code, and pursuant to the terms of the Plan, all assets of the Debtor shall be transferred to and vested in the Liquidating Trust free and clear of all liens, claims, encumbrances, charges, and other interests of creditors and equity security holders, except as otherwise specifically set forth in the Plan and this Agreed Order. All provisions of the Plan regarding the Liquidating Trust are hereby approved. It is further

ORDERED, ADJUDGED, AND DECREED that, upon the Effective Date, the representatives (including, but not limited to, all attorneys and accountants) of the Liquidating Trust and Liquidating Trustee are (a) authorized and empowered to carry out all the provisions of the Plan and to take such actions as may be necessary, useful, or appropriate to effectuate, implement, and consummate the Plan and the terms of this Agreed Order; and (b) authorized to file, deliver, and record such documents, certificates, reports, or instruments with the appropriate federal, state, local, foreign, or other governmental authorities, and with such interests, as may be necessary, useful, or appropriate to effectuate, implement, and consummate the Plan and the terms of this Agreed Order. The Liquidating Trustee shall succeed to all of the Debtor's obligations, rights, and duties with respect to objections to Claims of any creditors, and, to the extent such objections to Claims exist as of the Effective Date, the Liquidating Trustee shall succeed to the Debtor's claim objections. It is further

ORDERED, ADJUDGED, AND DECREED that the Trust Committee shall exist as of the Effective Date, with the powers and duties set forth in the Plan and this Agreed Order. It is further

ORDERED, ADJUDGED, AND DECREED that, as of the Effective Date, except as specifically provided otherwise in the Plan or this Agreed Order, the current officers and/or directors of the Debtor shall be released and discharged of all duties, responsibilities, and obligations of such positions. The termination or discharge of the Debtor's officers and directors as set forth in the Disclosure Statement, Plan, and this Agreed Order is hereby approved. It is further

ORDERED, ADJUDGED, AND DECREED that, as of the Effective Date, except as specifically provided otherwise in the Plan or this Agreed Order, the injunction provisions set forth in the Plan as modified by this Agreed Order are hereby approved. It is further

ORDERED, ADJUDGED, AND DECREED that the Plan proponents and their officers, employees, shareholders, representatives, members, attorneys, accountants, and professionals have acted, and are hereby deemed to have acted, in "good faith" within the meaning of section 1125(e) of the Code with respect to all of their activities relating to this case, the Plan, and the solicitations of acceptance of the Plan. It is further

ORDERED, ADJUDGED, AND DECREED that all transactions contemplated by the Plan are hereby authorized without the need for further board-of-directors or shareholder resolution, approval, notice, or meeting, as sufficient notice has been provided by serving the Disclosure Statement, its Addendum, and the Plan on all known creditors and parties in interest of the Debtor. It is further

ORDERED, ADJUDGED, AND DECREED that the Debtor shall timely pay to the UST any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) that are due prior to Effective Date, and the Liquidating Trustee shall timely pay all such fees that become due on or after the Effective Date. Additionally, the Debtor shall timely submit to the UST post-confirmation Monthly Operating Reports in the format prescribed by the UST until such time as this case is converted, dismissed, or closed by further Order of this Court. It is further

ORDERED, ADJUDGED, AND DECREED that the modifications of the Plan set forth in Paragraphs 1 through 18 of this Agreed Order comply with 11 U.S.C. § 1127, and any further proposed modifications of the Plan must likewise comply with 11 U.S.C. § 1127. It is further

ORDERED, ADJUDGED, AND DECREED that all claims recoverable under sections 547, 548, and 550 of the Bankruptcy Code, and all of the claims owed to or in favor of the Debtor (and, upon the Effective Date, to the Liquidating Trust) that are (a) not settled pursuant to the Plan; (b) not specifically waived or released pursuant to the Plan (including all avoidance claims arising under sections 547 and 550 of the Bankruptcy Code on account of payments to non-insider

creditors within 90 days of the Petition Date); or (c) not specifically settled pursuant to an agreement referred to and incorporated in the Plan or an Order of this Court, are hereby preserved and retained for enforcement by the Liquidating Trust, including, but not limited to, the pending adversary proceedings initiated by the Debtor. It is further

ORDERED, ADJUDGED, AND DECREED that distributions to creditors under the Plan shall be made in accordance with the Plan, as modified by this Agreed Order. It is further

ORDERED, ADJUDGED, AND DECREED that all individuals and entities holding Claims in all classes of the Plan, or who otherwise held Claims secured by property of the Debtor or liens against property of the Debtor, are hereby directed to cooperate with the proponents in implementing the terms of the Plan and, in connection therewith, to sign such documents as the Debtor or Liquidating Trustee (as applicable) may reasonably require in implementing the terms of the Plan and this Agreed Order. It is further

ORDERED, ADJUDGED, AND DECREED that any judgment, whenever obtained, is void to the extent that such judgment is a determination of the liability of the Debtor, and the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset any such judgment is hereby enjoined. It is further

ORDERED, ADJUDGED, AND DECREED that all executory contracts and unexpired leases to which the Debtor is a party (that were not previously assumed or rejected by prior order of the Court) shall be rejected in accordance with the Plan. It is further

ORDERED, ADJUDGED, AND DECREED that, notwithstanding anything to the contrary in the Plan, all Claims for damages arising from the Debtor's rejection of an executory contract or unexpired lease (each a "Rejection Damages Claim") must be filed with the Bankruptcy Court and served on the Liquidating Trustee no later than thirty (30) days of the Effective Date. Any Rejection Damages Claim which is not timely filed within that time period shall be forever barred and shall not be entitled to any distribution from or against the Debtor, the Estate, its successors and assigns, including the Liquidating Trust, and its assets and properties, and their respective professionals. It is further

ORDERED, ADJUDGED, AND DECREED that, except as specifically provided otherwise in this Agreed Order, any objection to the allowance or payment of a Claim, including a Rejection Damages Claim, shall be filed with the Bankruptcy Court no later than one hundred twenty (120) days after the Effective Date (or such longer period as may be approved by further order of the Court). It is further

ORDERED, ADJUDGED, AND DECREED that, notwithstanding anything to the contrary in the Plan, all requests for allowance and payment of Administrative Claims[2] (other than Professional Fee Claims[3]) not otherwise subject to this Court's prior bar date order dated November 24, 2014 **[DKT #399]**, shall be filed with the Bankruptcy Court and served on the Liquidating Trustee no later than thirty (30) days of the Effective Date. All requests for allowance and payment of Professional Fee Claims shall be filed with the Bankruptcy Court and served on the Liquidating Trustee no later than ninety (90) days of the Effective Date. Objections to requests for allowance and payment of Administrative Claims, including Professional Fee Claims, must be filed with the Bankruptcy Court and served on the Liquidating Trustee, and the requesting entity or Professional no later than twenty (20) days (or such longer period as may be approved by further order of the Court) after the date on which the applicable request for allowance and payment was served.

---

[2] **"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in Bankruptcy Code Sections 503(b) and entitled to priority pursuant to Bankruptcy Code Section 507(a)(2), including (i) the actual, necessary costs and expenses of preserving the Estate and operating the business of the Debtor after the commencement of the Chapter 11 Case, (ii) Professional Fee Claims, (iii) all fees and charges assessed against the Estate under Section 1930 of Title 28 of the United States Code, (iv) cure payments for contracts and leases that are assumed under Bankruptcy Code Section 365 that have not been previously paid before the Effective Date, and (v) Claims pursuant to Section 503(b)(9) of the Bankruptcy Code.

[3] **"Professional Fee Claim"** means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services rendered after the Petition Date and prior to and including the Effective Date, subject to any limitations imposed by order of the Bankruptcy Court. **"Professional"** means any professional retained in the Chapter 11 Case by order of the Bankruptcy Court, whether by the Debtor or the Committee.

ORDERED, ADJUDGED, AND DECREED that subsequent to the entry of this Agreed Order, the Court shall retain jurisdiction relating to this case as provided under the Plan, including, without limitation, jurisdiction over all disputes arising out of the Plan. In addition, the Court shall retain jurisdiction for the administration and adjudication of objections to Claims and the allowance of Claims, including any and all Claims against the Debtor that arose prior to or during the course of this Chapter 11 proceeding, in accordance with the terms and provisions of the Plan and this Agreed Order. It is further

ORDERED, ADJUDGED, AND DECREED that counsel for the Debtor is directed to serve a copy of this Agreed Order upon all creditors and parties in interest within fourteen (14) days after entry hereof, and to file an accompanying certificate of service regarding service of this Agreed Order.

ORDERED, ADJUDGED, AND DECREED that the findings of facts and conclusions of Law contained herein, the Court's findings of fact announced from the bench at the Confirmation Hearing (which are hereby incorporated herein by reference), and this Agreed Order together constitute a final judgment under the applicable Bankruptcy Rules.

**# # END OF ORDER # #**

**APPROVED AND AGREED:**

_____
Craig M. Geno, Esq.
Attorney for the Debtor


/s/ *Bruce S. Nathan* [WITH PERMISSION]
Bruce S. Nathan, Esq.
Attorney for Official Committee of Unsecured Creditors


_____
James R. Mozingo, Esq.
Attorney for Sandra B. Sanderson Chesnut


/s/ *Dorsey R. Carson, Jr.* [WITH PERMISSION]
Dorsey R. Carson, Jr., Esq.
James T. Milam, Esq.
Attorney for Mississippi Development Authority


/s/ *Sammye S. Tharp* [WITH PERMISSION]
Sammye S. Tharp, Esq.
Office of the United States Trustee


SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

**SANDERSON PLUMBING PRODUCTS, INC.**
**CASE NO. 13-14506-JDW**
**Schedule of 503(b)(9) Claims**

| | |
|---|---:|
| Sheboygan Paint Company | $ 61,504.19 |
| Birmingham Fastener, Inc. | 26,387.20 |
| H. Muehlstein & Co, Inc. | 40,680.00 |
| Claims Recovery Group (J&S Bolt) | 13,772.00 |
| Claims Recovery Group (PCA) | 28,172.44 |
| | $ 170,515.83 |