IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SANDERSON PLUMBING PRODUCTS, INC.          CASE NO: 13-14506
       DEBTOR                                                                                              CHAPTER 11

_____

BRIEF IN SUPPORT OF THE CLAIM OF
LOWNDES COUNTY, MISSISSIPPI
_____

## FACTS

The Debtor named above filed this bankruptcy on October 25, 2013. Lowndes County through, Mr. Greg Andrews, the Tax Assessor, filed a claim in this case on May 29, 2015. The Debtor objected to the claim primarily based on its belief that the taxes were too high for the assessed property.

An evidentiary hearing was held on May 8, 2018. Based on the testimony and the law, the objection to the claim of Lowndes County, Mississippi should be denied and the claim of Lowndes County, Mississippi should be paid as a priority claim in full.

Mr. Harry Kenneth Lefoldt, Jr. testified at the hearing that he was holding approximately $580,000.00 in trust. That amount would more than pay for the priority claim of Lowndes County, Mississippi.

There are two statutes that control this Court's decision on the objection by the debtor, being *11 U.S.C § 505(a)(2)(c)* and *Miss. Code. Ann. § 27-35-143*. Based on these two statutes this Court, although having jurisdiction, may not determine a new tax value as requested by the debtor.

# DISCUSSION

**I.   Sanderson Plumbing Products, Inc has failed to meet their deadline therefore losing their right to request the Court to redetermine the debtor's property tax liability. For that reason, their objection must be denied.**

In 2005, Congress amended the Bankruptcy Code by adding § 505(a)(2)(C). Section 505(a), as amended, provides:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) *The court may not so determine*—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request; or

(C) *the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired*

The plain reading of § 505(a)(2)(C) is supported by the policy underlying § 505, which "is to protect creditors and ensure the finality of determinations of tax liability reached prior to bankruptcy."*In re Galvano*, 116 B.R. 367, 372 (Bankr.E.D.N.Y.1990). "In enacting § 505, Congress was concerned with protecting creditors from the dissipation of an estate's assets which could result if creditors were bound by a tax judgment which a debtor, due to its ailing financial condition, failed to contest." *Id*.

When a debtor does not seek redetermination of ad valorem taxes under section 505(a) prior to the expiration for bringing an action under state law, the bankruptcy court loses the right to determine the tax liability. *In re Village at Oakwell Farms, Ltd.*, 428 B.R. 372, 376-80 (Bankr.W.D.Tex.2010).

*In re ATA Airlines, Inc.*, No. 08-03675-BHL-11 (Bankr. S.D. Ind. Mar. 16, 2009) bars a bankruptcy court from determining tax liability for an ad valorem tax if the applicable period for contesting or redetermining the amount of the tax under nonbankruptcy law has expired before the motion to determine tax liability is brought before the bankruptcy court.

In a case very similar to our own, the issue was decided by the Eleventh Circuit Court of Appeals. A Chapter 11 debtor objected to tax claim, requesting determination of her ad valorem tax liabilities in the United States Bankruptcy Court for the Middle District of Florida. The Court of Appeals held that the code provision added by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), to prevent bankruptcy courts from determining amount or legality of any ad valorem tax on real or personal property of estate after time for contesting or redetermining that amount under applicable nonbankruptcy law had expired, had to be interpreted as exception to general rule that, if time for taking certain action under applicable nonbankruptcy law has not expired as of commencement of bankruptcy case, then that time period will be extended. *In re Read*, 692 F.3d 1185 (11th Cir. 2012)

**II.    The exclusive power to reassess Sanderson Plumbing, Inc.'s personal property taxes lies with the Lowndes County Board of Supervisors.**

The *Miss. Code. Ann. § 27-35-143* states:

> The board of supervisors of each county shall have power, upon application of the party interested, or by the assessor on behalf of such party, or otherwise as prescribed in Sections 27-35-145 through 27-35-149, to change, cancel or decrease an assessment in the manner herein provided at any time after the assessment roll containing such assessment has been

finally approved by the State Tax Commission and prior **to the last Monday in August next**, under the following circumstances and no other:

## CONCLUSION

Based on the uncontradicted evidence, the debtor never requested a reassessment of the taxes by the Board of Supervisors within the two year period mentioned in the statute. Furthermore, the case law shows that even though a stay was in effect against creditors, the stay did not toll the state statute by which the debtor should have requested a change on the assessment roll. For the reasons stated above, the claim of Lowndes County, Mississippi should be paid as filed.

**WHEREFORE**, Lowndes County, Mississippi through Greg Andrew, Tax Assessor, respectfully requests that the Court grant that its priority claim be paid as filed and for such other and further relief as this court deem just and proper under the circumstances.

Respectfully submitted, this the 20th day of September, 2018.

/s/ R. Gawyn Mitchell
R. GAWYN MITCHELL, 3383
Attorney for Lowndes County, Mississippi

R. GAWYN MITCHELL, P.A.
112 5th Street South
Post Office Box 1216
Columbus, MS 39703-1216
(662) 327-3344

## **CERTIFICATE OF SERVICE**

    I, R. Gawyn Mitchell, Attorney for Creditor, hereby certify that I electronically filed the foregoing Brief with the Clerk of the Court, using the ECF system, which sent electronic notification of such filing to Craig M. Geno, cmgeno@cmgenolaw.com, James T. Milam, jtm@milamlawpa.com, Dorsey R. Carson, Jr., dcarson@thecarsonlawgroup.com, and the United States Trustee, USTPRegion05.AB.ECF@usdoj.gov.

    DATED:  September 20, 2018

                                                                  */s/ R. Gawyn Mitchell*
                                                                R. GAWYN MITCHELL, 3383
                                                                Attorney at Law

R. GAWYN MITCHELL, P.A.
112 5th Street South
Post Office Box 1216
Columbus, MS  39703-1216
(662) 327-3344